IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHERYL KRUTSINGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 03-cv-0111-MJR |
| ) | |
| **PHARMACIA CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

This matter is set for a final pretrial conference on Thursday, June 16, 2005, with trial set on Monday, July 11, 2005. Now before the Court is Defendant Pharmacia Corporation (hereinafter "Pharmacia")'s second "Motion for Summary Judgment" (Doc. 145) as to Count One of Plaintiff Cheryl Krutsinger's complaint against Pharmacia in which she claims she was injured by exposure to polychlorinated biphenyls ("PCBs"). This motion for summary judgment was filed on Friday, June 10, 2005. For the reasons discussed below, the Court denies as untimely Pharmacia's motion for summary judgment.

This matter was previously set for trial on July 7, 2004, with a dispositive motion deadline of March 16, 2004. Accordingly, Pharmacia filed a motion for summary judgment as to all three counts of Krutsinger's complaint on March 16, 2004, the final day of the dispositive motion deadline (Doc. 43). Count One, the only remaining count at present, alleges that the PCBs Krutsinger was exposed to were designed, manufactured, sold or distributed by Pharmacia, and that Pharmacia is responsible for Krustinger's injuries stemming from its negligence. Count Two alleged that Pharmacia is responsible for Krutsinger's injuries stemming from strict products liability.

Count Three alleged that Krutsinger was entitled to punitive damages. Krutsinger conceded that Pharmacia was entitled to summary judgment as to Counts Two and Three, and as such the Court granted summary judgment in Pharmacia's favor as to Counts Two and Three (Doc. 105). However, Krutsinger argued that a question of fact existed as to Count One, and as such, the Court addressed the merits of Pharmacia's motion for summary judgment as to Count One.

In its motion for summary judgment, Pharmacia argued that it was entitled to summary judgment as to Count One (in addition to Counts Two and Three on the merits, which the Court did not reach the merits of in light of Krutsinger's concessions) as Krutsinger failed to establish any act or omission on the part of Pharmacia that proximately caused her alleged injuries. However, the Court disagreed with Pharmacia and stated in its June 15, 2004 Order that:

> The Court agrees with Pharmacia in that without Dr. Ordog's testimony, the record would be devoid of evidence establishing an essential element of Krutsinger's cause of action. However, the Court notes that Pharmacia's summary judgment motion was filed after it filed its motion to exclude the testimony of Plaintiff's expert ... but before this Court's May 20, 2004 Order denying the motion to exclude (Doc. 85).
>
> In that Order, the Court found that Dr. Ordog, a board certified medical toxicologist, has the education, training and background sufficient to opine regarding PCB exposure and its causative effects, and as a result, his testimony is admissible.... Consequently, Krutsinger has presented expert testimony and evidence as to the issue of causation, and summary judgment is inappropriate as to Count One in this matter [citation omitted].

Doc. 105. Accordingly, the Court denied on the merits Pharmacia's motion for summary judgment as to Count One on the merits on June 15, 2004 (Doc. 105). Count One was set to proceed to trial on July 12, 2004.

However, on July 1, 2004, Krutsinger filed a motion to continue trial date (Doc. 106)

stating that Plaintiff's counsel had another trial set that day which had no appearance of settling. A telephone status conference was held on July 7, 2004 at which the Court alerted the parties that if a continuance were granted, the first available date for an eight-day trial setting was July 11, 2005, the current trial setting. Counsel for both Krutsinger and Pharmacia consented to the July 11, 2005 trial date. At the status conference the Court warned the parties that while it would continue the matter, discovery would be closed except as to any updates concerning changes in Krustinger's medical condition. The Court reiterated those sentiments in its July 7, 2004 Order granting the continuance. *See* Doc. 112. At no time did the Court reopen the dispositive motion deadline.

As a result, the Court is now baffled as to Pharmacia's second motion for summary judgment as to Count One (Doc. 145), filed at this *late* stage in the proceedings. The motion raises brand new arguments that were at no time raised in Pharmacia's first motion for summary judgment. None of the arguments raised in this second motion for summary judgment are novel or the result of newly discovered evidence or a recent change in the law, that would at least explain why they were not included in the first motion for summary judgment. In the first motion for summary judgment, Pharmacia only attacked the issue of proximate cause as to Count One. Now in this second motion, Pharmacia attempts to attack the issues of duty and breach of duty. In the Court's eyes this is an attempt to take a second bite of the apple. As the first motion for summary judgment did not succeed as to Count One in light of the Court's denial of Pharmacia's motion to exclude the causation testimony of Dr. Ordog, it appears that Pharmacia is raising two new arguments in hopes of avoiding a lengthy trial. However, Pharmacia should not have put all their eggs in one basket. Their arguments attacking duty and breach of duty should have been plead in the alternative in Pharmacia's original motion for summary judgment, or even in a separate motion for summary

judgment, as long as it was on file *prior* to the dispositive motion deadline of March 16, 2004. These arguments are not appropriate in a summary judgment motion filed almost a year and one month after the dispostive motion deadline has passed, less than a week before the final pretrial conference, and less than a month before trial. The Court finds it would be prejudicial to Krutsinger to have to brief this motion at this late stage in the proceeding, which would only result in yet another continuance in a matter that has already been continued for a year.[1]

In attempt to argue that the Court should reach the merits of the motion despite the lateness of the filing, Pharmacia cites to a district court case from the Northern District of Iowa and a case from the United States Court of Appeals for the Fifth Circuit. ***See Longstreth v. Copple*, 189 F.R.D. 401 (N.D. Iowa 1999);** *see also* ***McKethan v. Texas Farm Bureau*, 966 F.2d 734 (5th Cir. 1993).** However, neither are from the Seventh Circuit, the Circuit in which this District Court lies, and as such, are not binding authority. As well, both cases are distinguishable from the case at bar.

First, in ***Longstreth***, the district court was reconsidering its denial of summary judgment on the basis of two newly decided court of appeals cases that the defendants claimed were directly on point. **189 F.R.D. at 401.** Unlike the case at bar, the district court in ***Longstreth*** was not hearing brand new arguments that could have been previously raised. Secondly, the Court notes that in ***McKethan***, the district court *sua sponte* reconsidered and granted its previously denied

---

[1] The Court reminds Pharmacia that dispositive motion deadlines are not chosen arbitrarily at the whim of the Court. The dispositive motion deadline is set so as to give the parties adequate time to conduct discovery, file their motions, and have enough time to file response and reply briefs, while at the same time giving the Court enough time to review those pleadings and issue a decision prior to the set trial date. The Court keeps itself abreast of its various dispositive motion deadlines so that it can issue prompt rulings on the various summary judgment motions and other motions pending before it. If parties are allowed to arbitrarily file summary judgment motions whenever they want that raise no newly discovered evidence or cite to a recent change in the law, but simply raise arguments not voiced earlier, havoc will be wreaked on the Court's docket.

summary judgment motion *after* the close of the plaintiff's jury trial case-in-chief. **966 F.2d at 738.** As such, the Court finds neither case persuasive.

Accordingly, the Court **DENIES** *as untimely* Defendant Pharmacia Corporation's motion for summary judgment (Doc. 146). This matter remains **SET** for trial on Monday, July 11, 2005 at 9:00 a.m.

**IT IS SO ORDERED.**

**DATED this 16th day of June, 2005.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**